UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAULINO VALENZUELA,

       Petitioner,

    v.

WILLIAM F. KEYSER,

       Respondent.

No. 19-CV-3696 (KMK)

ORDER ADOPTING
REPORT & RECOMMENDATION

KENNETH M. KARAS, United States District Judge:

  Following a jury trial, pro se Petitioner Paulino Valenzuela ("Petitioner") was convicted in the Supreme Court of the State of New York, Bronx County ("Bronx County Court") of murder in the second degree, attempted murder in the second degree, assault in the first degree, and two counts of criminal possession of a firearm.  (*See* Pet. for Writ of Habeas Corpus ("Petition") at 2–3 (Dkt. No. 2)).  On May 5, 2011, Petitioner was sentenced to a term of twenty-five years to life on the murder charge, twenty-five years to life on the attempted murder charge, twenty-five years to life on the assault charge, and fifteen years' imprisonment on each of his criminal possession charges—each to run consecutively except for one of the criminal possession charges—resulting in a total term of imprisonment of ninety years to life. (*See* May 5, 2011 Sentencing Tr. ("Sentencing Tr.") 14-15 (Dkt. No. 13-25).)  In August 2015, Petitioner filed a direct appeal through counsel.  (*See* Decl. Of David A. Slott in Opp. to Pet. ("Slott Decl.") Ex. 5 (Dkt. No. 14-5).)  Petitioner also filed a supplemental appellate brief, pro se, on February 3, 2016.  (*See id.* Ex. 6 (Dkt. No. 14-6).)  The Supreme Court of the State of New York, Appellate Division, First Judicial Department (the "First Department"), modified Petitioner's sentence to have the two criminal possession counts to run concurrently with the other sentences rather than consecutively, resulting in a new aggregate term of seventy-five years to life, but otherwise

affirmed his conviction on all counts. *See People v. Valenzuela*, 47 N.Y.S.3d 249 (App. Div. 2017). Thereafter, Petitioner collaterally attacked his conviction on February 15, 2018, filing a pro se motion to vacate the judgment under New York Criminal Procedure Law ("N.Y.C.P.L.") § 440.10. (*See* Slott Decl. Ex. 9 (Dkt. No. 14-9).) On October 24, 2018, while the motion was pending, Petitioner filed a pro se "Motion for an Addendum Argument." (*See id.* Ex. 15 (Dkt. No. 14-15).) The Bronx County Court denied both motions, (*see id.* Exs. 14, 18 (Dkt. Nos. 14-14, 14-18)), and denied leave to appeal both motions, (*see id.* Ex. 20 (Dkt. No. 14-20)).

On April 21, 2019, Petitioner filed the instant Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254 in this Court (the "Petition"). (*See generally* Petition.) The matter was referred to the Honorable Judith C. McCarthy ("Judge McCarthy") on June 18, 2019. (*See* Dkt. No. 5.) On November 29, 2023, Judge McCarthy issued a Report and Recommendation ("R&R"), recommending that this Court deny the Petition in its entirety, finding: (1) that the Bronx County Court did not violate Petitioner's due process rights under the Fourteen Amendment by denying defense counsel's motion for a mistrial, (*see* R&R 14–19 (Dkt No. 37)); (2) Petitioner's due process rights were not violated by the prosecution's statements during summation, (*see id.* at 19–24); (3) that Petitioner was not denied effective assistance of counsel with regard to issues concerning the jury charge, Petitioner's competence to stand trial, or Petitioner's alleged hearing disability, (*see id.* at 24–36). Petitioner has not filed any objections to the R&R.[1]

When no objections are filed, the Court reviews an R&R on a dispositive motion for clear error. *See Torres v. Golden Home Furniture Inc.*, No. 20-CV-4789, 2023 WL 3791807, at *1

---

[1] Judge McCarthy provided notice that, pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts, objections to the R&R were due within fourteen days from the receipt of the R&R, or seventeen days from the receipt of the same if the R&R was served upon the Parties by mail, and that the failure to object would constitute a waiver of Petitioner's right to appeal. (*See* R&R 37.)

(S.D.N.Y. June 2, 2023) (citing *Andrews v. LeClaire*, 709 F. Supp. 2d 269, 271 (S.D.N.Y. 2010)); *see also ExxonMobil Oil Corp. v. TIG Ins. Co.*, No. 16-CV-9527, 2022 WL 17070111, at *1 (S.D.N.Y. Nov. 17, 2022) (same). The Court has reviewed the R&R and the Petition, and finding no substantive error, clear or otherwise.

Accordingly, it is hereby ORDERED that the Report and Recommendation, dated November 29, 2023, is ADOPTED in its entirety; that the Petition is DISMISSED. Additionally, because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue, *see* 28 U.S.C. § 2253(c)(2); *Small v. Orange Cnty. Ct., Prosecutors Off.*, No. 18-CV-2716, 2020 WL 1082710, at *2 (S.D.N.Y. Mar. 5, 2020) (citing *Lucidore v. N.Y. State Div. of Parole*, 209 F.3d 107, 111–12 (2d Cir. 2000)), and the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, *Whitted v. Stallone*, No. 11-CV-7569, 2016 WL 1268278, at *1 (S.D.N.Y. Mar. 30, 2016) (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). The Clerk of the Court is respectfully directed to close this case and to mail a copy of this Order to Petitioner.

SO ORDERED.

Dated: December 19, 2023
       White Plains, New York

KENNETH M. KARAS
United States District Judge